UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

CENTURY INTERNATIONAL ARMS, INC. )
and CENTURY ARMS, INC.,                         )
     Plaintiffs,                                        )
                             )      Docket No. 1:12-cv-114
     v.                                                      )
                             )
M+M, INC.,                                              )
     Defendant.                                         )

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant, M+M, Inc., by and through its attorneys, Murphy Sullivan Kronk, hereby submits

this Answer to Plaintiffs' First Amended Complaint and states and avers as follows:

1.  Defendant is without sufficient information to admit or deny the allegations set forth in

paragraph 1 of the First Amended Complaint and, therefore, denies the same.

2.  Defendant is without sufficient information to admit or deny the allegations set forth in

paragraph 2 of the First Amended Complaint and, therefore, denies the same.

3.  Defendant is without sufficient information to admit or deny the allegations set forth in

paragraph 3 of the First Amended Complaint and, therefore, denies the same.

4.  Defendant is without sufficient information to admit or deny the allegations set forth in

paragraph 4 of the First Amended Complaint and, therefore, denies the same.

5.  Defendant admits the allegations set forth in paragraph 5 of the First Amended

Complaint.

6.  Defendant submits to jurisdiction in this Court.  If a further response to paragraph 6 of

the First Amended Complaint is required, Defendant denies any further allegations contained

therein.

7.  Defendant submits to venue in this Court.  If a further response to paragraph 7 of the First

Amended Complaint is required, Defendant denies any further allegations contained therein.

8.   Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 8 of the First Amended Complaint and, therefore, denies the same.

9.   Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 9 of the First Amended Complaint and, therefore, denies the same.

10.   Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 10 of the First Amended Complaint and, therefore, denies the same.

11.   Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 11 of the First Amended Complaint and, therefore, denies the same.

12.   Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 12 of the First Amended Complaint and, therefore, denies the same.

13.   Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 13 of the First Amended Complaint and, therefore, denies the same.

14.   Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 14 of the First Amended Complaint and, therefore, denies the same.

15.   Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 15 of the First Amended Complaint and, therefore, denies the same.

16.   Defendant admits that it has sold firearms and accessories in the United States, but denies the remaining allegations set forth in paragraph 16 of the First Amended Complaint.

17.   Paragraph 17 of the First Amended Complaint consists of a legal conclusion and requires a determination of law by this Court to which no response is required. If a response is required, the allegations are denied.

18.   Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 18 of the First Amended Complaint and, therefore, denies the same.

19.   Defendant denies it has interfered as alleged.  Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 19 of the First Amended Complaint and, therefore, denies the same.

20.   Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 20 of the First Amended Complaint and, therefore, denies the same.

21.   The exhibits referenced in paragraph 21 of the First Amended Complaint speak for themselves.  Defendant denies any further allegations contained in paragraph 21 of the First Amended Complaint.

22.   The exhibit referenced in paragraph 22 of the First Amended Complaint speak for themselves.  Defendant denies any further allegations contained in paragraph 22 of the First Amended Complaint.

23.   Defendant denies the allegations contained in paragraph 23 of the First Amended Complaint.

24.   With respect to paragraph 24 of the First Amended Complaint, Defendant incorporates by reference its responses to the preceding paragraphs.

25.   Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 25 of the First Amended Complaint and, therefore, denies the same.

26.   Defendant denies the allegations set forth in paragraph 26 of the First Amended Complaint.

27.   Defendant denies the allegations set forth in paragraph 27 of the First Amended Complaint.

28.   Defendant denies the allegations set forth in paragraph 28 of the First Amended Complaint.

29.   Defendant is without sufficient information to admit or deny the allegations set forth in

paragraph 29 of the First Amended Complaint and, therefore, denies the same.

30.  Defendant is without sufficient information to admit or deny the allegations set forth in

paragraph 30 of the First Amended Complaint and, therefore, denies the same.

31.  Defendant denies the allegations set forth in paragraph 31 of the First Amended

Complaint.

## GENERAL DENIAL

Defendant denies each allegation and prayer for relief contained in the First Amended

Complaint that has not been specifically admitted herein.

## JURY DEMAND

Defendant demands a jury for any and all issues to triable.

## AFFIRMATIVE DEFENSES

1.  Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be

granted.

2.  Plaintiffs' claims against Defendant are barred because at all times relevant hereto,

Defendant acted in good faith and pursuant to the laws of the State of Vermont, State of

Colorado, Romania, the European Union, and the United States and is, therefore, immune from

damages.

3.  Plaintiffs' claims against Defendant are barred because Plaintiffs' damages were caused

in whole or in part by their own negligence and fault for which Defendant is not liable.

4.  Plaintiffs' claims against the Defendant are barred because at all times relevant hereto

Defendant was justified in its acts and conduct and is, therefore, not liable to the Plaintiffs.

5.  Plaintiffs' claims against the Defendant are barred because at all times relevant hereto

Defendant owed no duty to Plaintiffs to refrain from the acts alleged to be tortious.

6.   Upon information and belief, some or all of Plaintiffs' alleged damages, if any, resulted from a different problem, for which the Defendant is not responsible.

7.   Plaintiffs seek damages not permitted by applicable law.

8.   Plaintiffs' claims are barred by the Economic Loss Rule.

9.   Plaintiffs' contracts, if any, with any non-party provide Plaintiffs' exclusive remedies to their alleged damages, for which Defendant is not liable.

10.   Plaintiffs' claims against Defendant are barred because the alleged contracts were not enforceable at all times relevant in this matter.

11.   Plaintiffs' damages were caused by the acts or omissions of third parties beyond the control of and separate from the Defendant. The Defendant reserves the right to designate non-parties at fault.

12.   Plaintiffs' claims against Defendant are barred because Plaintiffs have failed to mitigate damages, if any.

13.   None of Plaintiffs' alleged damages were proximately caused by Defendant's alleged acts or omissions.

14.   Plaintiffs' damages are speculative and, therefore, not recoverable in this suit.

15.   Plaintiffs' claims against Defendant are barred by the doctrine of failure of consideration and the principle that one who seeks equity must do equity.

16.   Plaintiffs' claims against Defendant are barred because Plaintiffs do not have clean hands in the matters in question herein, nor are Plaintiffs attempting to be fair or equitable and should, therefore, be denied any relief by this Court.

17.   Plaintiffs' actions in this bringing this case constitute unfair trade practices designed to limit competition in an unlawful manner; therefore, this case should be dismissed.

Defendant reserves the right to amend this Answer with Affirmative Defenses and Jury Demand and add additional defenses as warranted by subsequent investigation and ongoing discovery in this lawsuit.

**WHEREFORE**, Defendant, respectfully requests that this Court declare:

A. Dismiss Plaintiffs' claims with prejudice and enter judgment in its favor;

B. Award Defendant its reasonable attorney's fees and costs incurred in the defense of this matter; and

C. Order any further relief as the Court deems just and proper.

## DEFENDANT'S COUNTERCLAIMS AGAINST THE PLAINTIFFS

(Declaratory Relief)

Defendant states and avers the following, and hereby requests declaratory relief, pursuant to 28 U.S.C. § 2201, as follows:

1. Upon information and belief, Plaintiffs' alleged contracts include a termination date that expired prior to the interference by Defendant alleged in the First Amended Complaint.

2. Upon information and belief, Plaintiffs' alleged contracts' exclusivity provisions violate applicable law to the contracting parties; and in particular, the laws of Romania and the European Union, and are, therefore, void and unenforceable.

3. There is no legal restriction on Defendant's ability to conduct business with any non-party referenced in the First Amended Complaint.

**WHEREFORE**, Defendant, respectfully requests that this Court:

A. Declare Plaintiffs' alleged contracts to be unenforceable;

B. Declare Plaintiffs' alleged contracts' exclusivity provisions violate the laws of Romania and the European Union and are, therefore, unenforceable;

C.      Declare Defendant has no duty or obligation to refrain from business relations

with any non-party referenced in the First Amended Complaint.

D.      Order any further relief as the Court deems just and proper.

Defendant reserves the right to amend its Counterclaims.

RESPECTFULLY SUBMITTED this 5th day of February, 2013.

MURPHY SULLIVAN KRONK


/s/  Pamela A. Moreau, Esq.
Pamela A. Moreau, Esq.
275 College Street, P.O. Box 4485
Burlington, VT 05406-4485
(802) 861-7000
pmoreau@mskvt.com


John Zakhem, Esq. (*pro hac vice)*
Zakhem Law, LLC
700 17th Street, Suite 2000
Denver, CO  80202
(303) 228-1200
JZakhem@zakhemlaw.com

*Attorneys for Defendant M + M, Inc.*

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

CENTURY INTERNATIONAL ARMS, INC.    )
and CENTURY ARMS, INC.,    )
     Plaintiffs,    )
         )
     v.    )    Docket No. 1:12-CV-114
         )
M+M, INC.,    )
     Defendant.    )

## CERTIFICATE OF SERVICE

On February 5, 2013 I electronically filed the *Defendant's Answer to the First Amended Complaint, Affirmative Defenses and Counterclaims* with the Clerk of the Court using the CM/ECF system.  The CM/ECF system will provide service of such filing via Notice of Electronic Filing (NEF) to the following NEF parties:

Andrew D. Manitsky, Esq.
Gravel & Shea, P.C.
76 St. Paul St.
Burlington, VT  05402

Dated at Burlington, Vermont this 5th day of February, 2013.

MURPHY SULLIVAN KRONK

/s/  Pamela A. Moreau. Esq.
Pamela A. Moreau, Esq.
pmoreau@mskvt.com
275 College Street, P.O. Box 4485
Burlington, VT 05406-4485
(802) 861-7000
*Attorney for Defendant*