UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| CENTURY INTERNATIONAL ARMS, INC., and CENTURY ARMS, INC.<br><br>        Plaintiffs,<br><br>v.<br><br>M + M, INC.,<br><br>        Defendant. | Case No. 5:12-CV-114 |

# ANSWER TO SECOND AMENDED COMPLAINT

Defendant M + M, Inc., by and through its attorneys, Murphy Sullivan Kronk and Evans Case LLP, hereby submits this Answer to Plaintiffs' Second Amended Complaint and states and avers as follows:

1. Admit.

2. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 2 of the Second Amended Complaint and, therefore, denies same.

3. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 3 of the Second Amended Complaint and, therefore, denies same.

4. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 4 of the Second Amended Complaint and, therefore, denies same.

5. Defendant admits it is a Colorado corporation. Defendant denies that its principal place of business is located in Eastlake, Colorado. Defendant admits it is a wholesale firearms dealer.

6. Defendant submits to jurisdiction in this Court. To the extent further response is required Defendant denies any allegations contained in paragraph 6.

7. Defendant submits to venue in this Court. To the extent further response is required Defendant denies any allegations contained in paragraph 7.

8. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 8 of the Second Amended Complaint and, therefore, denies same.

9. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 9 of the Second Amended Complaint and, therefore, denies same.

10. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 10 of the Second Amended Complaint and, therefore, denies same.

11. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 11 of the Second Amended Complaint and, therefore, denies same.

12. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 12 of the Second Amended Complaint and, therefore, denies same.

13. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 13 of the Second Amended Complaint and, therefore, denies same.

14. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 14 of the Second Amended Complaint and, therefore, denies same.

15. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 15 of the Second Amended Complaint and, therefore, denies same.

16. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 16 of the Second Amended Complaint and, therefore, denies same.

17. Defendant admits it has sold firearms and accessories in the United States, but denies the remaining allegations in paragraph 17 of the Second Amended Complaint in the manner and form set forth.

18. Paragraph 18 of the Second Amended Complaint sets forth a legal conclusion to which no answer or response is necessary or required. To the extent a response is required the allegations, if any, contained in paragraph 18 are denied.

19. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 19 of the Second Amended Complaint and, therefore, denies same.

20. Defendant denies the allegations contained in clause one of sentence one of paragraph 20. As for the remaining allegations, if any, contained in paragraph 20, Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 20 of the Second Amended Complaint and, therefore, denies same.

21. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 21 of the Second Amended Complaint and, therefore, denies same.

22. Defendant states that Exhibit A and Exhibit B attached to Plaintiffs' Second Amended Complaint speak for themselves. Defendant denies the allegations, if any, set forth in paragraph 22 of Plaintiffs' Second Amended Complaint.

23. Defendant states that Exhibit C speaks for itself. Defendant denies the allegations, if any, set forth in paragraph 23 of Plaintiffs' Second Amended Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Second Amended Complaint.

25. As to paragraph 25 there are no allegations, but to the extent paragraph 25 incorporates Plaintiffs' previous allegations contained in paragraphs 1-24, Defendant incorporates its previous responses as if fully set forth herein.

26. Paragraph 26 of the Second Amended Complaint sets forth a legal conclusion to which no answer or response is necessary or required. To the extent a response is required the allegations, if any, contained in paragraph 26 are denied.

27. Paragraph 27 of the Second Amended Complaint sets forth a legal conclusion to which no answer or response is necessary or required. To the extent a response is required the allegations, if any, contained in paragraph 27 are denied.

28. Paragraph 28 of the Second Amended Complaint sets forth a legal conclusion to which no answer or response is necessary or required. To the extent a response is required the allegations, if any, contained in paragraph 28 are denied.

29. Defendant denies the allegations set forth in paragraph 29. Further, paragraph 29 of the Second Amended Complaint sets forth a legal conclusion to which no answer or response is necessary or required.

30. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 30 of the Second Amended Complaint and, therefore, denies same.

31. Defendant is without sufficient information to admit or deny the allegations set forth in paragraph 31 of the Second Amended Complaint and, therefore, denies same.

32. Paragraph 32 of the Second Amended Complaint sets forth a legal conclusion to which no answer or response is necessary or required. To the extent a response is required the allegations, if any, contained in paragraph 32 are denied.

## GENERAL DENIAL

Defendant denies each and every allegation and prayer for relief contained in the Second Amended Complaint that has not been specifically admitted herein.

## JURY DEMAND

Defendant demands a jury for any and all issues so triable.

## AFFIRMATIVE DEFENSES

1.  Plaintiffs' Second Amended Complaint fails to state claims upon which relief can be granted.

2.  Plaintiffs' claims against Defendant are barred because at all times relevant hereto, Defendant acted in good faith and pursuant to the laws of the State of Vermont, the State of Colorado, Romania, The European Union, and the United States and is, therefore, immune from damages.

3.  Plaintiffs' claims against Defendant are barred because Plaintiffs' damages, if any, were caused in part or in whole by their own negligence and fault for which Defendant is not liable.

4.  Plaintiffs' claims against Defendant are barred because at all times relevant hereto Defendant was justified in its acts and conduct and is therefore not liable to the Plaintiffs.

5.  Plaintiffs' claims against the Defendant are barred because at all times relevant hereto Defendant owed no duty to Plaintiffs to refrain from the acts alleged to be tortious.

6.  Upon information and belief, some if not all, of Plaintiffs' alleged damages, if any, resulted from a different problem, for which the Defendant is not responsible.

7. Plaintiffs seek damages not permitted by law.

8. Plaintiffs' damages are barred by the Economic Loss Rule.

9. Plaintiffs' claims are barred by the Plaintiffs' contributory negligence, and Plaintiffs' damages, if any are offset by its own contributory negligence.

10. Plaintiffs' claims are barred by the Statute of Frauds.

11. Plaintiffs' claims are barred by the doctrine of waiver.

12. Plaintiffs' claims are barred by the doctrine of assumption of risk.

13. Plaintiffs' claims are barred by any applicable Statutes of Limitations.

14. Plaintiffs' claims are barred by the illegality of the contracts and agreements identified in Plaintiffs' Second Amended Complaint.

15. Plaintiffs' claims against Defendant are barred because the alleged contracts and agreements identified in Plaintiffs' Second Amended Complaint were not enforceable at all times relevant in this matter.

16. Plaintiffs' contracts, if any, with any non-party provide Plaintiffs' exclusive remedies to their alleged damages, for which Defendant is not liable.

17. Plaintiffs' agreements, if any, with any non-party provide Plaintiffs' exclusive remedies to their alleged damages, for which Defendant is not liable.

18. Plaintiffs' damages, if any, were caused by the acts, omissions, or commissions of third parties beyond the control of Defendant.

19. Plaintiffs' claims against the Defendant are barred because Plaintiffs failed to mitigate damages, if any.

20. Defendant's alleged acts or omissions were not the proximate cause of Plaintiffs' damages, if any.

21. Plaintiffs' damages are speculative, and therefore not recoverable in this action.

22. Plaintiffs' claims are barred by the doctrine of failure of consideration.

23. Plaintiffs' claims are barred by the principal that one who seeks equity must do equity.

24. Plaintiffs' claims against Defendant are barred because Plaintiffs do not have clean hands in the matters in question herein.

25. Plaintiffs' actions in bringing this lawsuit constitute unfair trade practices designed to limit competition in an unlawful manner, and therefore this case should be dismissed.

26. Plaintiffs' claims as against the Defendant are barred by the doctrine of impossibility of performance on the part of non-parties.

27. Plaintiffs' claims lack substantial justification, are substantially groundless, are substantially frivolous or groundless, and are vexatiously brought, or maintained in bad faith, entitling Defendant to an award of attorney fees and costs in amounts to be determined.

## DEFENDANT'S COUNTERCLAIMS AGAINST THE PLAINTIFFS

### DECLARATORY RELIEF
### (28 U.S.C. § 2201)

1. Plaintiffs' alleged contracts and agreements include termination dates that expired prior to the interference with contract by Defendant alleged by the Plaintiffs in their Second Amended Complaint.

2. Plaintiffs' alleged contracts and agreements violate applicable law; and in particular the laws of Romania and the European Union, and are therefore void and unenforceable.

3. There are no legal restrictions on Defendant's ability to conduct business with any non-party referenced in Plaintiffs' Second Amended Complaint.

**TORTIOUS INTERFERENCE WITH CONTRACT**

4. On April 4, 2011, M + M, Inc. entered into a Contract (the "2011 Contract") with C.N. Romarm S.A. and S.C. Fabrica De Arme Cugir S.A. (hereinafter "Romarm/FAC") for the purpose of buying firearms and related parts from Romarm/FAC in accordance with a delivery schedule attached to the Contract.

5. Thereafter, M + M, Inc. and Romarm/FAC executed numerous addendums and memorandums of understanding amending and revising the April 4, 2011 Contract.

6. At all times relevant, by virtue of the 2011 Contract, the addendums, and the memorandums of understandings, M + M, Inc. enjoyed a contractual relationship with Romarm /FAC.

7. At all times relevant, the 2011 Contract, the addendums, and the memorandums of understandings (the "Contracts") were in place, and in effect.

8. From April 4, 2011, and at all times relevant thereafter Romarm/FAC acknowledged its contractual relationship with M + M, Inc.

9. At all times relevant Plaintiffs knew that M + M, Inc. was conducting business with Romarm/FAC pursuant to a contractual relationship with Romarm/FAC.

10. Plaintiffs knowingly interfered with M + M, Inc.'s contractual relationship with Romarm/FAC, intentionally and improperly causing Romarm/FAC to not perform under the terms and conditions of the 2011 Contract, the addendums, and the memorandums of understandings (the "Contract").

11. Century caused Romarm/FAC to fail to deliver the required quantity of firearms and related parts to M + M, Inc. as set forth in the Contract, the addendums, and the memorandums of understanding.

12. M + M, Inc. has suffered injury, harm, and loss in amounts to be proven at trial.

13. Because Plaintiffs' tortious interference with M + M, Inc.'s contractual relationship with Romarm/FAC was willful and wanton, M + M, Inc. is entitled to an award of punitive damages in amounts to be proven at trial.

**WHEREFORE**, Defendant, respectfully requests that this Court:

A. Declare Plaintiffs' alleged contracts to be unenforceable as alleged;

B. Declare Plaintiffs' alleged agreements to be unenforceable as alleged;

C. Declare that Plaintiffs' alleged contracts violate the laws of Romania and the European Union and are therefore unenforceable as alleged;

D. Declare that Plaintiffs' alleged agreements violate the laws of Romania and the European Union and are therefore unenforceable as alleged;

E. Declare Defendant has no duty or obligation to refrain from business relations with any non-party referenced in the Second Amended Complaint;

F. Declare Defendant's Contracts with Romarm/FAC to be valid;

G. Adjudicate Defendant's rights to conduct business with any non-party referenced in the Second Amended Complaint;

H. Order any further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 6th day of February, 2015.

By: /s/ Joseph P. Stengel Jr.(signature on file)  /s/ Hans G. Huessy (signature on file)
Joseph P. Stengel Jr., Esq.                       Hans G. Huessy, Esq.
Evans Case LLP                                    Murphy Sullivan Kronk
1660 S. Albion Street, Suite 1100                 275 College Street
Denver, Colorado 80222                            Burlington, VT 05401
(303) 757-8300                                    (802) 861-7000 ext. 119
Stengel@evanscase.com                             HHuessy@mskvt.com]
*Attorney for Defendant*                          *Attorney for Defendant*